UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 30, 2017

LETTER TO COUNSEL

    RE:    *Gary McCoy v. Commissioner, Social Security Administration*;
            Civil No. SAG-16-2967

Dear Counsel:

On August 24, 2016, Plaintiff Gary McCoy petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. McCoy's reply. (ECF Nos. 21, 22, 25). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. McCoy filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on April 1, 2010,[1] alleging a disability onset date of July 6, 2005. (Tr. 283-96). His claims were denied initially and on reconsideration. On April 27, 2012, the Administrative Law Judge dismissed Mr. McCoy's request for hearing as untimely. (Tr. 130-31). However, on November 5, 2012, the Appeals Council ("AC") remanded Mr. McCoy's case for further consideration and a hearing. (Tr. 125-26). A hearing was held on November 8, 2013, and at the conclusion of the hearing the ALJ ordered a consultative examination. (Tr. 1762-97). After the examination, another hearing was held on April 30, 2014. (Tr. 1742-61). Following those hearings, on November 20, 2015, the ALJ determined that Mr. McCoy was not disabled during the relevant time frame. (Tr. 46-65). This time, the AC denied Mr. McCoy's request for review, (Tr. 12-15), so the ALJ's 2015 decision constitutes the final, reviewable decision of the Agency.

---

[1] Mr. McCoy had previously filed other applications for benefits. Those applications had been dismissed, but the dismissals were later vacated. *See, e.g.,* (Tr. 217-18, 257-71). At the hearing, then, the ALJ was clear that despite the prior applications, she would consider Mr. McCoy's application back to his original alleged onset date of July 2005. (Tr. 1767). She ultimately concluded, however, that he had engaged in substantial gainful activity up until August 20, 2008. (Tr. 48).

The ALJ found that Mr. McCoy suffered from the severe impairments of "degenerative disc disease of the lumbar spine; mild osteoarthritis of the right knee; obesity; asthma; organic mental disorder; affective disorder; anxiety disorder; and personality disorder, NOS." (Tr. 48-49). Despite these impairments, the ALJ determined that Mr. McCoy retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for 2 hours in an 8 hour day; sit for 6 hours in an 8 hour day; occasionally climb, balance, stoop, kneel, crouch, and crawl; must avoid extremes of cold and extremes of heat; must avoid all hazards such as machinery and heights; must avoid concentrated exposure to lung irritants such as fumes, odors, gases, and dust; is limited to simple, routine, repetitive tasks, with only occasional interaction with others; and is limited to the performance of only 1-2 step task jobs.

(Tr. 53-54). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. McCoy could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 64-65).

Mr. McCoy raises four primary arguments on appeal: (1) that the ALJ erred in assessing Listing 1.04; (2) that the ALJ improperly evaluated his mental health limitations under the Listings; (3) that the ALJ assigned inadequate weight to the opinions of his treating physicians; and (4) that the ALJ's credibility assessment was unsupported. I concur that the ALJ's mental analysis of Mr. McCoy's mental health limitations was deficient, particularly in consideration of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015).[2] Accordingly, I am remanding the case to allow compliance with that decision. However, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. McCoy is not entitled to benefits is correct or incorrect.

Beginning with the successful argument, in *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Mascio*, 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the

---

[2] Although Mr. McCoy did not specifically reference *Mascio,* his broad contention that the ALJ's analysis of his mental health limitations was deficient encompasses a *Mascio* argument.

paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. McCoy to have moderate limitations in maintaining concentration, persistence, or pace. (Tr. 52). The entirety of the analysis states:

> The claimant reported that his ability to follow written instructions such as a recipe depended on what was being prepared. The claimant stated that he followed spoken instructions "somewhat well." On exam of November 29, 2010, the claimant was able to recall three objects after a five minute distraction, write a complete sentence, and follow a written command. The claimant was able to complete 7 digits forward and 2 backwards. On December 4, 2013, the claimant was able to understand and follow simple directions.

(Tr. 52) (internal citations omitted). According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. McCoy's case does not provide a basis for the finding of "moderate difficulties," since most of the description would suggest mild or no limitations. In fact, later in the opinion, the ALJ gives "little weight" to a treating physician's suggestion that Mr. McCoy lacked sufficient ability to focus or concentrate for the purposes of jury service. (Tr. 38). Therefore, without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. McCoy to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "simple, routine, repetitive tasks, with only occasional interaction with others; and . . . only 1-2 step task jobs." (Tr. 53-54). None of those limitations address Mr. McCoy's ability to sustain work over an eight-hour workday.[3] In light of this inadequacy, I must

---

[3] In fact, at the hearings, Mr. McCoy's attorney repeatedly attempted to ask questions regarding his ability to sustain concentration and production. (Tr. 1755, 1757, 1794-96). The ALJ took the position that he imposed the RFC limitation to one to two step tasks in response to Mr. McCoy's psychological

*Gary McCoy v. Commissioner, Social Security Administration*
Civil No. SAG-16-2967
May 30, 2017
Page 5

remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the limitation under the dictates of *Mascio*.

While Mr. McCoy's remaining arguments are less persuasive, the ALJ will have the ability to provide further explanation on remand. For example, the ALJ identified Listing 1.04 as potentially applicable to Mr. McCoy's case, but then provided no analysis except a conclusory assertion that none of the enumerated criteria of that listing had been satisfied. (Tr. 50-51). On remand, the ALJ may want to provide additional citations to the medical evidence supporting that assertion. Similarly, I find no obvious error in either the ALJ's assignments of weight to the opinion evidence or the ALJ's adverse credibility assessment. However, on remand, the ALJ may decide that additional explanation as to one or both of those areas would be appropriate.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 21) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 22) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

impairments, (Tr. 1755, 1795), but did not explain how that limitation would address Mr. McCoy's difficulties with sustained concentration or sustained work performance.